UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

FILED
JAN 1 1 2002
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

| | |
|---|---|
| FREDERICK WILLIAMS, Individually and as the administrator of the estate of his minor child, Valerie Williams, and; LAWANNA WILLIAMS<br><br>VERSUS<br><br>CITY OF MONROE, Lloyd Holton, Jeff Pilcher, Chris Hollingsworth, Robert Biggers, Paul Harper | CIVIL ACTION NO. 3:02CV0070<br><br>JUDGE: JUDGE JAMES<br><br>MAGISTRATE: MAGISTRATE JUDGE KIRK |

### COMPLAINT

The complaint of Frederick Williams, individually and as the administrator of the estate of his minor child, Valerie Williams, and; Lawanna Williams, plaintiffs herein, who are domiciled in the Parish of Ouachita, State of Louisiana, appearing herein by and through undersigned counsel respectfully represents that this is a civil action seeking money damages against City of Monroe, Chris Hollingsworth, Lloyd Holton, Jeff Pilcher, Robert Biggers, and Paul Harper, for violations of plaintiffs' constitutional rights, the details of which are set forth hereinbelow. This civil action seeks damages against defendants for committing acts under color of state law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.



## JURISDICTION AND VENUE

1. The jurisdiction of this Honorable Court is invoked pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 for violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. This Honorable Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under state law.

2. All the events referred to in this Complaint occurred within the Western District of Louisiana, United States of America. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b).

## PARTIES

3. Plaintiffs herein, Frederick Williams, individually and as the administrator of the estate of his minor child, Valerie Williams, and; Lawanna Williams are citizens of the United States of America, Frederick Williams and Lawanna Williams are major residents and domiciliaries of the Parish of Ouachita, State of Louisiana. Valerie Williams is the legitimate issue of petitioner Frederick Williams and petitioner Lawanna Williams, husband and wife, who are living together with said minor child.

4. Made defendants herein are City of Monroe, Lloyd Holton, Jeff Pilcher, Chris Hollingsworth, Robert Biggers, Paul Harper. On information and belief, plaintiff shows that all individual defendants named herein are residents and domiciliaries the Parish of Ouachita.

5. Made defendant herein City of Monroe, is a local government, political subdivision, and municipal corporation organized under the laws of the State of Louisiana. The

City of Monroe is responsible for the policies, procedures, and practices implemented through its various agencies, including the police department, and agents, including police officers, and for injury occasioned thereby. At all times relevant herein the City of Monroe was acting under color of state law.

6. Made defendant herein Lloyd Holton, a major resident and domiciliary of the State of Louisiana, and who at all times relevant herein was an officer of the Monroe Police Department and an employee of the City of Monroe and acting under color of state law. Defendant Holton is sued in both his individual and official capacity.

7. Made defendant herein Jeff Pilcher, a major resident and domiciliary of the State of Louisiana, and who at all times relevant herein was an officer of the Monroe Police Department and an employee of the City of Monroe and acting under color of state law. Defendant Pilcher is sued in both his individual and official capacity.

8. Made defendant herein Chris Hollingsworth, a major resident and domiciliary of the State of Louisiana, and who at all times relevant herein was an officer of the Monroe Police Department and an employee of the City of Monroe and acting under color of state law. Defendant Hollingsworth is sued in both his individual and official capacity.

9. Made defendant herein Robert Biggers, a major resident and domiciliary of the State of Louisiana, and who at all times relevant herein was an officer of the Monroe Police Department and an employee of the City of Monroe and acting under color of state law. Defendant Biggers is sued in both his individual and official capacity.

10. Made defendant herein Paul Harper, a major resident and domiciliary of the State of Louisiana, and who at all times relevant herein was an officer of the Monroe Police

Department and an employee of the City of Monroe and acting under color of state law. Defendant Harper is sued in both his individual and official capacity.

## CAUSES OF ACTION

11. For their causes of action against defendants Holton, Pilcher, Hollingsworth, Biggers and Harper plaintiffs state that:

12. Defendants Holton, Pilcher, Hollingsworth, Biggers and Harper were at all times relevant to this action officers of the City of Monroe Police Department and employees of the City of Monroe and acting under color of state law. At all times material to this Complaint, defendants Holton, Pilcher, Hollingsworth, Biggers and Harper acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Louisiana, City of Monroe, and the City of Monroe Police Department.

13. Plaintiffs sue defendants Holton, Pilcher, Hollingsworth, Biggers and Harper in their official capacity.

14. Plaintiffs sue defendants Holton, Pilcher, Hollingsworth, Biggers and Harper in their individual capacity.

15. By this reference, plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 11 as though fully set out herein *in extenso*.

16. On January 16, 2001. plaintiffs, Frederick Williams and Lawanna Williams were stopped by a member of the Monroe Police Department, whose identity, on information and belief, was Chris Hollingsworth, for a minor traffic violaton. The location of the stop was near the corner of North Fourth Street and Breard in the City of Monroe.

17. Following the initial stop, numerous other Monroe Police Department officers arrived on the scene. These included made defendants Lloyd Holton, Jeff Pilcher, Robert Biggers and Paul Harper.

18. Following the initial stop, plaintiffs were wrongfully detained, and plaintiff Frederick Williams was wrongfully arrested.

19. During the course of said wrongful detention and arrest, plaintiff Frederick Williams was, without cause or justification, hand-cuffed, and placed in the back seat of a patrol car for in excess of an hour. During this time, Frederick Williams' wife, Plaintiff Lawanna Williams, was separated from her husband and left in the stopped vehicle. During this time, plaintiffs Frederick Williams and Lawanna Williams were unable to communicate with one another. At all times, during this period of time, plaintiff's hand-cuffing and detention in the back-seat of the patrol car was in open view of passers-by and the general public. Said unwarranted detention was also in the clear view of a group of spectators and onlookers who and formed and gathered outside the building and in the lobby of the Monroe Tax and Revenue Department.

20. Specifically, on January 16, 2001, defendants stated that they had a warrant for the arrest of plaintiff. Plaintiff shows that at no time was there a warrant for the arrest of plaintiff. Nevertheless, plaintiff was arrested and personal property was seized, all being done without warrant or probable cause.

21. Plaintiff later learned that the warrant for which he was arrested, was for Frederick Malcolm Williams. Plaintiff Frederick Williams is a black male whose date of birth is February 1, 1946. The target of the warrant, Frederick Malcom Williams is a white male whose date is October 29, 1976. The name, race, and date of birth of the target

of the warrant appeared on the face of the warrant, and such information was readily available and accessible for any member of law enforcement.

22. Following his hand-cuffed detention in the back-seat of the patrol car, plaintiff Frederick Williams was transported to the Ouachita Parish Correctional Center (OCC) for processing. On information and belief, Plaintiff shows that he was transported to OCC by Lloyd Holton. While passing the entrance point of the OCC the driver of the patrol unit, believed to be Lloyd Holton, told the OCC guard "I have another one for you."

23. As a result of the wrongful arrest and detention of her father, as described herein, minor child Valerie Williams, has suffered, and continues to suffer serious emotional and physical distress and trauma.

24. As a result of said distress and trauma, said minor child Valerie required professional counseling and medical treatment.

25. There was no warrant for the arrest of plaintiff on January 16, 2000. The arrest of plaintiff by defendants was without reasonable grounds for said defendants to believe plaintiff had committed an offense and plaintiff believes and therefore avers that defendants knew they were without probable cause to arrest plaintiff.

26. Plaintiff was not informed as to the basis of his arrest at the time of his arrest. Various charges were later sworn out against plaintiff. However, the Ouachita Parish District Attorney has dismissed each and all of these charges.

27. Defendants Hollingsworth, Holton, Pilcher, Biggers and Harper jointly participated in the events described herein.

28. At no time did plaintiff invite, encourage, or condone the behavior of defendants Hollingsworth, Holton, Pilcher, Biggers and Harper. At no time did plaintiff engage in any conduct whatsoever which in any way justified the actions of defendants Hollingsworth, Holton, Pilcher, Biggers and Harper. At all times relevant herein, plaintiffs cooperated with defendants.

29. At no time did plaintiff attempt to resist arrest or offer violence to the defendants.

30. As a direct and proximate result of their concerted unlawful and malicious arrest of plaintiff, defendants Hollingsworth, Holton, Pilcher, Biggers and Harper, deprived plaintiff Frederick Williams of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

31. As a result of their concerted unlawful and malicious detention and confinement of plaintiff defendants Hollingsworth, Holton, Pilcher, Biggers and Harper intentionally, or with deliberate indifference and callous disregard of plaintiff's rights, deprived plaintiff Frederick Williams of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

32. Defendants' unlawful and abuse of plaintiff Frederick Williams, committed intentionally, either with malice or without malice, deprived plaintiff of his right to be free of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected under 42 U.S.C. Section 1983.

33. The actions and inactions of Hollingsworth, Holton, Pilcher, Biggers and Harper and the City of Monroe, through its employees, may be characterized as negligent conduct and intentional conduct, including but not limited to the following particulars:

    a. In failing to properly process warrants

    b. In failing to use the information provided by Frederick Williams to confirm that he was not the subject of any outstanding arrest warrant.

    c. In failing to obtain the warrant and or view the warrant prior to detaining and arresting plaintiff and attempting to process plaintiff at the Ouachita Parish Correctional Center, which would have revealed that plaintiff was not the subject of said warrant.

    d. In failing to use proper discretion in the stop, interrogation and arrest of the plaintiff.

    e. In failing to use due care to ensure that only subjects of arrest warrants are arrested pursuant to those warrants

    f. In failing to use due care in processing warrants, and in failing to use due care to ensure that plaintiff was not arrested on a warrant of which he was not the subject.

    g. In failing to use due care during the pertinent events described herein and to be shown at the trial of this matter.

34. As a direct and proximate result of the intentional, gross and culpable misfeasance and malfeasance of defendants Hollingsworth, Holton, Pilcher, Biggers and Harper, plaintiffs Frederick Williams and Lawanna Williams suffered severe emotional trauma and mental distress. In particular plaintiffs Frederick Williams and Lawanna

Williams, suffered and continue to suffer emotional distress, worry, anxiety, humiliation and insomnia as a result of defendants wrongful conduct as described herein.

35. As a direct and proximate result of the intentional, gross and culpable misfeasance and malfeasance of defendants Hollingsworth, Holton, Pilcher, Biggers and Harper, plaintiff Frederick Williams has been deprived of certain fundamental rights without due process of law, under color of state law.

36. As a result of their concerted unlawful and malicious abuse of plaintiff, defendants Hollingsworth, Holton, Pilcher, Biggers and Harper intentionally, or with deliberate indifference and callous disregard of plaintiff's rights, deprived plaintiff Frederick Williams his right to equal protection of the laws, wrongfully and unlawfully seized his person, and impeded the due course of justice, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

37. The actions of defendants Hollingsworth, Holton, Pilcher, Biggers and Harper, acting under color of state law, custom and usage, and in their official capacity deprived plaintiff Frederick Williams of the equal protection of the laws and his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the right to be secure in his person, the right to privacy, the right to be free from the unlawful arrest, the right to due process of law, the freedom against summary punishment, all of which are protected by the Constitution of the United States. By their actions, defendants Hollingsworth, Holton, Pilcher, Biggers and Harper deprived plaintiff Frederick Williams of rights secured by the Fourth, Fifth,

Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

38. The acts of defendants Hollingsworth, Holton, Pilcher, Biggers and Harper as described above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff Frederick Williams to an award of punitive damages.

39. The acts of defendants Hollingsworth, Holton, Pilcher, Biggers and Harper as described hereinabove constitute assault, battery, invasion of privacy, false arrest, false imprisonment and intentional infliction of emotional distress. Plaintiff Frederick Williams invokes the supplemental jurisdiction of this court to hear and decide these state-based claims.

40. For his cause of action against the defendant, City of Monroe, plaintiff Frederick Williams states:

41. By this reference, plaintiff Frederick Williams incorporates each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein *in extenso.*

42. At all times relevant to this complaint, defendants Hollingsworth, Holton, Pilcher, Biggers and Harper were acting under the direction and control of the City of Monroe.

43. Plaintiff Frederick Williams believes and therefore avers that defendant, City of Monroe, tolerated and/or ratified the misconduct hereinabove described by the following:

　　(a) Failing to properly discipline, restrict, supervise and control defendants Hollingsworth, Holton, Pilcher, Biggers and Harper;

    (b) Failing to take adequate precautions in the hiring, promotion, training and retention of police personnel, including the defendant officers herein;

44. Failing to establish and/or assure the functioning of a *bona fide* and meaningful departmental system for dealing with complaints of police misconduct,

45. Plaintiff believes and therefore avers that defendant the City of Monroe had knowledge, or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendant the City of Monroe had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and failed to do so.

46. Plaintiff believes and therefore avers that the City of Monroe acted with deliberate indifference to the rights of plaintiff.

47. Plaintiff requests this court to declare that the acts and/or omissions by defendants were unconstitutional and in violation of the United States Constitution, and by an award of compensatory and punitive damages, compensate him for the violations of his constitutional rights and deter the defendants from further participation in such activity.

48. As a direct and proximate result of the acts of defendant the City of Monroe as set forth herein, plaintiff suffered mental anguish and emotional distress in connection with the deprivation of his constitutional rights guaranteed by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

49. The actions of defendant the City of Monroe, acting under color of state law, custom and usage, deprived plaintiff of the equal protection of the laws and his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the right to be secure in his person, the right to privacy, the right to be free from the unlawful arrest, the right to due process of law, the right of equal protection under the law, all of which are protected by the Constitution of the United States. By its actions, defendant the City of Monroe has deprived plaintiff of rights secured by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

50. By this reference, plaintiff Lawanna Williams incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein *in extenso*, as a basis for all defendants' liability unto Plaintiff Lawanna Williams. Further, Plaintiff Lawanna Williams shows that as a result of the wrongful and unlawful detention and arrest of her husband, the details of which are set forth in detail herein, she was also wrongfully detained, and suffered damages, in addition to the damages sustained by witnessing the unlawful arrest and seizure of her husband. Plaintiff Lawanna Williams damages include severe emotional trauma and mental distress. In particular plaintiff Lawanna Williams, suffered and continues to suffer emotional distress, worry, anxiety, humiliation and insonmia as a result of defendants' wrongful conduct as described herein.

51. Plaintiff is entitled to recover reasonable attorneys' fees from defendants pursuant to 42 U.S.C. Section 1988.

WHEREFORE, PLAINTIFF REQUESTS THAT THIS HONORABLE COURT:

I. Award compensatory damages against the defendants jointly and severally;

II. Award punitive damages against defendants Officer Holton, Officer Pilcher and others;

III. Award all costs of this action to plaintiff;

IV. Award reasonable attorneys' fees to plaintiff;

V. Award all other such relief appropriate and justified in the premises.

Respectfully submitted,

CHARLES KINCADE
Louisiana Bar No. 20,248
Attorney for Plaintiff
One Wood Street
Monroe, Louisiana 71201
(318) 388-4205

Attorney for Plaintiffs

## VERIFICATION

Comes now, Frederick Williams and Lawanna Williams, who after being sworn, did depose and state that they are the petitioners in the foregoing complaint, that they have read the complaint, and that all allegations contained therein are true and correct to the best of their knowledge, information, and belief.

_____
Frederick Williams

_____
Lawanna Williams

SWORN TO AND SUBSCRIBED, before me, notary public, this 20th day of December, 2001. Monroe, Louisiana.

_____
Charles Kincade